**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JERRY R. R.,**[1]<br><br>**Plaintiff,**<br><br>**v.**<br><br>**COMMISSIONER of SOCIAL SECURITY,**<br><br>**Defendant.** | **Case No. 20-CV-00416-SPM** |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In accordance with 42 U.S.C. § 405(g), Plaintiff, represented by counsel, seeks judicial review of the final agency decision denying his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits pursuant to 42 U.S.C. § 423.[2]

## PROCEDURAL HISTORY

Plaintiff applied for benefits in June 2017, alleging disability beginning on May 11, 2017. After holding an evidentiary hearing, the ALJ denied the application on August 28, 2019 (Tr. 15-25). The Appeals Council denied review, and the decision of the ALJ became the final agency decision. (Tr. 1). Administrative remedies have

[1] Plaintiff's full name will not be used in this Memorandum and Order due to privacy concerns. *See* Fed. R. Civ. P. 5.2(c) and the Advisory Committee Notes thereto.

[2] The statutes and regulations pertaining to DIB are found at 42 U.S.C. § 423, et seq., and 20 C.F.R. pt. 404. The statutes and regulations pertaining to SSI are found at 42 U.S.C. §§ 1382 and 1382c, et seq., and 20 C.F.R. pt. 416. As is relevant to this case, the DIB and SSI statutes and regulations are identical. Furthermore, 20 C.F.R. § 416.925 detailing medical considerations relevant to an SSI claim, relies on 20 C.F.R. Pt. 404, Subpt. P, the DIB regulations. Most citations herein are to the DIB regulations out of convenience.

been exhausted and a timely complaint was filed in this Court.

## ISSUE RAISED BY PLAINTIFF

Plaintiff raises the following issue: the ALJ did not include Plaintiff's diagnosis of chronic pain syndrome as a severe impairment at Step 2 and then failed to mention or consider the syndrome in his residual functional capacity ("RFC") determination.

## APPLICABLE LEGAL STANDARDS

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). To determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the plaintiff is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any step, other than at step 3, precludes a finding of disability. *Ibid.* The plaintiff bears the burden of proof at steps 1–4. *Ibid.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers

in the national economy. *Ibid.*

This Court reviews the Commissioner's decision to ensure that the decision is supported by substantial evidence and that no mistakes of law were made. It is important to recognize that the scope of review is limited. "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). Thus, this Court must determine not whether plaintiff was, in fact, disabled at the relevant time, but whether the ALJ's findings were supported by substantial evidence and whether any errors of law were made. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). This Court uses the Supreme Court's definition of substantial evidence, i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

In reviewing for "substantial evidence," the entire administrative record is taken into consideration, but this Court does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its own judgment for that of the ALJ. *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019). However, while judicial review is deferential, it is not abject; this Court does not act as a rubber stamp for the Commissioner. See, *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010), and cases cited therein.

**THE DECISION OF THE ALJ**

The ALJ followed the five-step analytical framework described above. He found that Plaintiff worked after the alleged disability onset date, but stated that it was not necessary to determine whether the work activity constituted substantial

gainful activity because of alternate valid reasons for denying his application. The ALJ found that Plaintiff had severe impairments of degenerative disc disease of the cervical and lumbar spine, lumbar radiculopathy, osteoarthritis of the right shoulder, and chronic obstructive pulmonary disease.

The ALJ found that Plaintiff had the RFC to perform work at the light exertional level except for frequent pushing and pulling with his upper extremities. The ALJ also found that Plaintiff was unable to climb ladders, ropes, and scaffolds; could occasionally stoop, kneel, crouch, crawl, and reach overhead; and frequently finger bilaterally.[3] The ALJ further found that he should avoid concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases, and poor ventilation and hazards such as danger moving mechanical parts or unprotected heights. Based on the testimony of a vocational expert, the ALJ found that Plaintiff could not do his past relevant work as a cabinet maker or truck driver and the medium exertional level. Despite this, the ALJ found that he was not disabled because he was able to do other jobs that exist in significant numbers in the national economy.

## THE EVIDENTIARY RECORD

The Court has reviewed and considered the entire evidentiary record in formulating this Memorandum and Order. The Court finds that the ALJ's summary of the record in his decision, when compared with the issue raised by Plaintiff, is

[3] "'Fingering' involves picking, pinching, or otherwise working primarily with the fingers. It is needed to perform most unskilled sedentary jobs and to perform certain skilled and semiskilled jobs at all levels of exertion." Social Security Ruling 85-15, at *7.

sufficiently comprehensive. The Court will, however, note some key findings.

## I. Evidentiary Hearing

Plaintiff stated that he was born in 1966, had a ninth-grade education, and suffered from pain in his lower back radiating to his legs that prevented him from working (Tr. 37-38, 40). Plaintiff claimed that he could stand for no more than a half hour and sit for one hour; could walk half a block; and suffered from constant leg pain and numbness (Tr. 40-42).

## II. Medical Records

In January 2017. Plaintiff visited Dr. Mazhar Lakho, an internal medicine specialist (Tr. 535). Plaintiff complained of back pain, leg pain, and numbness (*Id.*). He exhibited a guarded gait (*Id.*). He was diagnosed with degenerative disc disease, generalized aches and pains, and arthritis (Tr. 536). An MRI of the lumbar spine in June 2017 revealed degenerative disc disease at L2-L3 to L4-L5, causing varying neural foraminal stenosis and Tll-Tl2 broad-based posterior disc protrusion (Tr. 553). An additional MRI of the cervical spine showed early degenerative changes and C3-C4 diffuse posterior disc bulge (Tr. 555-556). At appointments in March 2017 and July 2017, he described similar pain, and Lakho scheduled a pain management appointment (Tr. 547, 549). He then saw pain management specialist Dr. Kristina Naseer, who gave him a transforaminal epidural injection (Tr. 573, 575-576). In August 2017, the Plaintiff reported to Lakho that pain management helped his back but not his legs (Tr. 603). He also saw a consultative examiner that month, again stating that pain management had helped some (Tr. 585). The examiner noted that he had a mild-to-moderate limp, stiff gait, and decreased range of motion (Tr.

587).

**III. State Agency RFC Assessments**

In August 2017, Dr. Charles Kenney, reviewed the evidence of record available at the time. He opined that Plaintiff could perform work at the light exertional level with limitations regarding pushing and pulling with his upper extremities (Tr. 81-82), overhead reaching (Tr. 82); and fingering frequently, bilaterally (Tr. 83). He also stated that Plaintiff would be unable to climb ladders, ropes, and scaffolds; although he could occasionally stoop, kneel, crouch, and crawl (Tr. 82).

In October 2017, Dr. Ranga Reddy, assessed plaintiff's RFC based on a review of the file materials and agreed with Kenney's findings (Tr. 107-109).

**ANALYSIS**

Plaintiff argues that the ALJ failed to classify his chronic pain syndrome diagnosis as a severe impairment at Step 2 and, later in his analysis, did not mention or consider the syndrome in his RFC determination.

A failure to designate a particular impairment as "severe" at step 2 does not matter to the outcome of the case as long as the ALJ finds that the claimant has at least one severe impairment. *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012), citing *Castile v. Astrue*, 617 F.3d 923, 927-928 (7th Cir. 2010). Plaintiff acknowledged as much when he wrote that a failure to designate at step 2 is harmless if the ALJ finds one severe impairment and continues with the analysis to consider the combined effects of all severe and non-severe impairments (Doc. 26, p. 4).

As a result, the question becomes whether the ALJ considered Plaintiff's chronic pain syndrome when determining his RFC. The ALJ's opinion is littered with references to treatment notes about Plaintiff's complaints of pain and the treatments related to that pain. While the ALJ never explicitly mentioned Plaintiff's diagnosis of chronic pain syndrome, he did explicitly consider Plaintiff's pain in combination with his other impairments and pointed to substantial evidence supporting his conclusion that Plaintiff has the RFC to do a range of light work despite his pain.

What is more, while Plaintiff provided treatment notes from pain management Nurse Practitioner Tammie Blevins regarding his diagnosis and treatment for chronic pain syndrome, he never provided an opinion from any of his doctors on his work-related functioning to counter the state agency consultants' findings that he could work at the light exertional level. It was Plaintiff's burden to show that his alleged impairments affected his ability to work. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013); 20 C.F.R. § 404.1512(a) & (c). "When no doctor's opinion indicates greater limitations than those found by the ALJ, there is no error." *Dudley v. Berryhill*, 773 F. App'x 838, 843 (7th Cir. 2019) (*citing Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004).

## CONCLUSION

After careful review of the record, the Court is convinced that the ALJ committed no reversible errors of law, and that his findings are supported by substantial evidence. Accordingly, the final decision of the Commissioner of Social Security denying Plaintiff's applications for disability benefits is **AFFIRMED**. The

Clerk of Court is **DIRECTED** to close this case and enter judgment in favor of Defendant.

**IT IS SO ORDERED.**

**DATED: September 20, 2021**

***s/ Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**